### THE PEOPLE on the relation of JACOB SEVERIS, vs. LAWRENCE VAN DUSEN, Clerk of the City and County of Albany.

Where a Plaintiff recovers a verdict in an action of assault, he is entitled to have inserted in the entry of judgment, by the clerk, the sum of $12 costs, "for all proceedings before notice of trial," in pursuance of the second subdivision of § 262 of the code, whether any application to the court has, in fact, been made for judgment or not.

The amount of costs, under that section, does not depend upon the question whether application has, in fact, been made to the court for judgment, but upon *the nature of the action.*

*At chambers, Jan.* 16, 1849.—An action was commenced by the relator against William Herrick, for an assault. Issue was joined, and, upon the trial, the Plaintiff recovered a verdict. Upon application to the clerk to insert in the entry of judgment the costs, pursuant to the 266th section of the code, he refused to allow the Plaintiff, under the. *first* subdivision of the 262d section, more than $7, "for all proceedings before notice of trial," upon the ground that no application had been made to the court for judgment, so as to entitle the Plaintiff to the amount allowed under the *second* subdivision of the section. A motion is made to compel the clerk to insert in the entry of judgment $12, for the cost of proceedings before notice of trial, instead of $7.

J. J. WERNER, *for relator.*

HARRIS, Justice.—Whether a Plaintiff, entitled to costs, is to be allowed $7 or $12, for "all proceedings before notice of trial," does not depend upon the question whether application has in fact been made to the court for judgment, but upon the nature of the action. If the action is one in which, in case the Defendant makes no defence, judgment may be entered under the *first* subdivision of the 262d section, then, in no event, can more than $7 be allowed for all the proceedings before notice of trial. On the other hand, if the action be one in which, in case of no defence, application must be made to the court for proper judgment under the *second* subdivision of the same section, then, in every case in which he recovers costs, the Plaintiff is entitled to $12. The clerk is, therefore, wrong in his construction of the section referred to, and the motion must be granted.